AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
JERALD L. MONSON, CA Bar No. 287419
jerald.monson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213-239-9800
Facsimile:   213-239-9045

BRIAN D. BERRY, CA Bar No. 229893
Brian.Berry@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415-442-4810
Facsimile:   415-442-4870

Attorneys for Defendant
UPS MAIL INNOVATIONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEE SHEPPARD, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STAFFMARK INVESTMENT, LLC; UPS MAIL INNOVATIONS, INC.; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendant. | Case No. 5:20-cv-5443<br><br>**DEFENDANT, UPS MAIL INNOVATIONS, INC.'S NOTICE OF REMOVAL**<br><br>*[Filed concurrently with Civil Cover Sheet; Notice of Related Cases; Certification of Interested Parties and Disclosure Statement; Declarations of Ryan Swift and Suzanne Perry]*<br><br>Complaint Filed: March 19, 2020<br>Trial Date:　　None |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453, Defendant, UPS MAIL INNOVATIONS, INC. ("Defendant" or "USPMI") hereby removes the above-entitled actions from Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California. Defendant alleges the following grounds for removal:

## PROCEDURAL BACKGROUND

1. On March 19, 2020, Plaintiff filed a Complaint initiating this proceeding against Defendant Staffmark Investment LLC ("Staffmark") in the Superior Court of the State of California for the County of Santa Clara, entitled *Tracee Sheppard, individually and on behalf of all others similarly situation, Plaintiff, vs. Staffmark Investment LLC; and DOES 1 through 20, inclusive, Defendants*, Case No. 20CV365260.

2. On June 1, 2020, Plaintiff filed a First Amended Complaint ("Complaint") in this action, which named USPMI as a co-defendant, and alleged claims jointly against co-defendants Staffmark and UPSMI.

3. Defendant USPMI received service of the Complaint on June 4, 2020. A copy of the Summons and Complaint and all other documents served on Defendant is attached as Exhibit "A."

4. On July 2, 2020, Defendant USPMI filed its Answer in Santa Clara County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as Exhibit "B."

5. Plaintiff's Complaint alleges six causes of action, including (1) Failure to Provide Meal Periods; (2) Failure to Permit Rest Breaks; (3) Failure to Provide Accurate Itemized Wage Statements; (4) Failure to Pay All Wages Due Upon

Separation of Employment; (5) Violation of *Business & Professions Code* §§ 17200, *et seq*.; and, (6) Enforcement of *Labor Co*de § 2698, *et seq*. ("PAGA").

## CLASS ACTION FAIRNESS ACT JURISDICTION

6. **Basis of Original Jurisdiction.** The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

7. **Number of Putative Class Members.** Plaintiff alleges that "Defendant Staffmark Investment, LLC is in the business of providing staffing services and did so for UPS Mail Innovations, Inc." (Complaint ("Compl.") ¶ 2. Plaintiff purports to bring this action on behalf of "[a]ll California citizens currently or formerly employed as non-exempt employees by Defendants [UPSMI and Staffmark] within four years prior to the filing of this action to the date of class certification." (Complaint ("Compl.") ¶ 19). Thus, assuming conservatively that the putative class, as defined by Plaintiff's Complaint, comprises at least all non-exempt employees assigned by Defendant Staffmark to perform work for Defendant UPSMI in California at any time from March 19, 2016 to the present, the putative class includes at least **8,602 persons**. (Declaration of Suzanne Perry ("Perry Decl.") ¶ 9).

8. **Diversity of the Parties.** The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizenship of at least one defendant. *Id*. at (d)(2)(A). Plaintiff, a putative class member, is a citizen of the State of California. Defendant is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Georgia. (Declaration of Ryan Swift, ¶¶ 2-3). Thus, Defendant is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). Citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

9. **Amount in Controversy.** Based on the allegations in the Complaint,

the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

**10.     Fourth Cause of Action – Failure to Pay Wages Due (Waiting Time Penalties).** Plaintiff alleges "Defendants willfully failed to pay Plaintiff and the Waiting Time Subclass members[1] all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving [Defendants'] employ." Complaint ¶ 58.  Thus, Plaintiff alleges that "Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to *Labor Code* § 203." Complaint ¶ 61.  The statute of limitations for waiting time penalties under *Labor Code* § 203 is three years.  *Code of Civil Procedure* § 338(a).

**11.** Based on a review of Defendant Staffmark's business records, the employment of 5,452 putative class members was terminated during the applicable three year period from March 19, 2017 to June 20, 2020. (Perry Declaration, ¶ 13). These putative class members received an hourly rate of not less than $10.50 during the period from March 19, 2017 to June 20, 2020. (Perry Declaration, ¶ 15). These putative class members worked shifts of no fewer than the minimum of 4 hours and ranging up to 6 hours or more per day during the three-year period from March 19, 2017 to June 20, 2020. (Perry Declaration, ¶ 16).  Thus, according to Plaintiff's unqualified allegations that "Defendants willfully failed to pay Plaintiff and the Waiting Time Subclass members all their earned wages upon termination," class members are entitled to recover at least **$6,869,520** in waiting time penalties:  $10.50

---

[1] Plaintiff alleges the "Waiting Time Subclass" comprises "all member of the Class who separated their employment from Defendants within three years prior to the filing of this action to the date of class certification."   Complaint ¶ 20.

(minimum base hourly rate for three-year period) x 4 (minimum hours per work day) x 30 (maximum days of penalty pay) x 5,452 (number of putative class members terminated during three-year period).

12. **Third Cause of Action – Failure to Provide Accurate Wage Statements.** Plaintiff alleges that "[d]uring the relevant time period, [Defendant] knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members" including by failing "to correctly state accurate inclusive dates for each pay period for Plaintiff and class members." Complaint ¶ 51. Plaintiff alleges that Plaintiff and class members are entitled to recover "the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subject pay periods plus attorney's fees and costs." Complaint ¶ 53. These penalties are not to exceed an aggregate penalty of $4,000.00 per employee. *Labor Code* § 226(e). The statute of limitations for these penalties is one year. *Code of Civil Procedure* § 340(a).

13. Based on a review of Defendant Staffmark's business records, at least approximately 61 putative class members were each issued at least 41 wage statements for the applicable pay periods during the one year statute of limitations. (Perry Declaration, ¶ 17). Thus, according to Plaintiff's allegations, each of these 61 putative class members who were issued at least 41 wage statements are entitled to recover the $4,000 maximum per employee in wage statement penalties under *Labor Code* § 226(e)[2] for an aggregate total of at least **$244,000**: 61 (putative class members who were each issued at least 41 wage statements during the one-year limitations period) x $4,000 (maximum *Labor Code* § 226(e) penalty).

14. Based on a review of Defendant Staffmark's business records, 2,776 putative class members were each issued fewer than 41 wage statements for the

---

[2] ([1 (initial wage statement violation during one-year limitations period) x $50] + [40 (subsequent wage statements issued during the one-year statute of limitations period) x $100] = $4,050)

applicable pay periods during the one year limitations period.  These 2,776 putative class members were issued a total of 16,311 wage statements during the one year limitations period.  (Perry Declaration, ¶ 18).  Thus, according to Plaintiff's allegations, these 2,776 putative class members who were issued fewer than 41 wage statements are entitled to recover at least **$1,353,500** in wage statement penalties under *Labor Code* § 226(e): [2,776 (number of putative class members) x $50] + [16,311 (wage statements issued during one-year limitations period) – 2,776 (number of putative class members) x $100] = $1,353,500.

15. In aggregate, according to Plaintiff's allegations, the putative class members are thus entitled to recover at least **$1,492,300** in wage statement penalties under *Labor Code* § 226(e): $244,000 (Paragraph 15) + $1,353,500 (Paragraph 16).

16. **First Cause of Action – Failure to Provide Meal Periods.**  Plaintiff alleges "Plaintiff and class members did not receive all timely meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely meal period."  Further, "Plaintiff and class members did not receive compliant meal periods for each five hours worked per day."  And, "[a]t all relevant times, [Defendant] failed to pay Plaintiff and class members meal period premiums for meal period violations…"  Complaint ¶¶ 28, 38, 40.

17. **Second Cause of Action – Failure to Permit Rest Breaks.**  Plaintiff alleges "Plaintiff and class members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed."  Further, "Plaintiff and class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked."  And, "[a]t all relevant times, [Defendant] failed to pay Plaintiff and class members rest period premiums for rest period violations…"  Complaint ¶¶ 29, 45, 47.

18. Plaintiff further alleges that the failure to provide meal periods and rest breaks alleged in the First and Second Causes of Action constitutes unfair

competition within the meaning of *Business & Professions Code* §§ 17200, *et seq*. The statute of limitations for such claim is four years. *Business & Professions Code* § 17208; *see also Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-179 (2000) (the four-year statute of limitations applies to any UCL claim notwithstanding that the underlying claims have shorter statutes of limitation).

19. Based on a review of Defendant Staffmark's business records, 8,602 putative class members worked approximately 86,695 work weeks during the four-year period from March 19, 2016 to the present, and received a base hourly rate of not less than $10.00. (Perry Declaration, ¶¶ 9-12). Thus, assuming conservatively that putative class members did not receive one (1) fully compliant meal period **or** rest break each workweek,[3] putative class members are entitled to recover at least **$866,950** for unpaid meal or rest period premium pay: $10.00 (minimum hourly rate for putative class members during the four-year-period) x 1 (1 missed meal period **or** rest break per work week) x 86,695 (number of weeks worked by putative class members during the applicable four-year period).

20. **Attorneys' Fees Further Increase the Amount in Controversy.** When an award of attorneys' fees is authorized by statute, the request for attorneys' fees is properly considered in determining the amount in controversy for removal purposes. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("We conclude that if a plaintiff would be entitled under a contract or statute to future attorney's fees, such fees are at stake in the litigation and should be included in the amount in controversy."); *Muniz*, 2007 WL 1302504 at *3 ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiffs on all claims made in the complaint.").

---

[3] *See, e.g.*, *Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, *6 (N.D. Cal. 2013) ("Defendants' estimates of one meal or rest break violation per week is an acceptable method to calculate possible damages for these claims.").

21.     Here, Plaintiff claims that she is entitled to attorneys' fees under the California Labor Code, Business & Professions Code and Code of Civil Procedure. Complaint ¶¶ 5, 53, 55, 68, 76 and *id.* Prayer for Relief, ¶6.

22.     The Court may consider all attorneys' fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case. *See Fritsch*, 889 F.3d at 794 ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."); *Goldberg v. CPC Int'l*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" could be considered for purposes of meeting the amount in controversy requirement); *Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *5 (E.D. Cal. 2009) ("[B]ecause attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy . . . ."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n.4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal."); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (stating that "the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred" and noting that "attorney's fees cannot be precisely calculated" but making projection of likely fees based on the court's "twenty-plus years' experience" overseeing similar cases).

23.     As detailed above, the amount in controversy for four (4) of Plaintiff's six (6) claims is at least **$9,472,770**.  The amount in controversy could be further increased by at least 25% to account for potential attorneys' fees.  Attorneys' fees awards in other employment actions show that attorneys' fees awards in wage-and-hour class actions can often exceed 25% of the underlying amount in controversy. *See Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504 at *4, n.8 (noting that in

California, where wage and hour class actions have settled prior to trial, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement); *see also Jasso*, 2012 WL 699465, at *7 (noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees'") (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998)).

24.  Accordingly, if Plaintiff is successful in pursing her claims on a classwide basis, Plaintiff's attorneys' fees in this matter will be at least 25% of the amount placed in controversy through Plaintiff's claims.  For the purposes of this removal and although the attorneys' fees may be higher upon consideration of all six asserted causes of cation, Defendant calculates attorneys' fees based on the amount placed into controversy by the four (4) claims above: (1) waiting time penalties; (2) wage statement penalties; (3) meal period premiums; and (4) rest period premiums. Attorneys' fees for these claims amount to 25% of $9,472,770, or **$2,368,192.50**.

25.  **Summary of Amount in Controversy.**  As detailed above and summarized in the chart below, the amount placed in controversy by Plaintiff's claims far exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d), even without including potential attorneys' fees or amounts from Plaintiff's other claims.

| Claim | Potential Exposure |
|---|---|
| Waiting Time Penalties | $6,869,520.00 |
| Wage Statement Penalties | $1,492,300.00 |
| Meal *or* Rest Period Penalties | $866,950.00 |
| Sub-Total | $9,472,770.00 |
| 25% Attorneys' Fees | $2,368,192.50 |
| **TOTAL** | **$11,840,962.50** |

**COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

26. **Timeliness of Removal.** This Notice of Removal is timely. 28 U.S.C. § 1446(b) provides two 30-day windows for removing a case. Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3), 1453. In addition, the Ninth Circuit has held that a defendant may remove "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1123 (9th Cir. 2013). Thus, the two 30-day periods set forth in section 1446(b) are not the exclusive periods for removal. *Id.* at 1125 ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.").

27. In short, a CAFA case "may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth*, supra, 720 F.3d at 1126. *See also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable," a defendant, in effect, "may remove at any time.")

28. To trigger the 30-day removal periods under § 1441(b), the grounds for removal must be evident from the face of the pleadings. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). That is, the determination of removability is based on the "four corners of the applicable pleadings, not through

subjective knowledge or a duty to make further inquiry." *Id.*  If it is unclear from the complaint whether the case is removable, the pleadings are considered "indeterminate," and the 30-day removal window is not triggered. *Id.* at 693.  A "defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth*, *supra*, 720 F.3d at 1125.  "Even the simplest of inquiries is not required....[D]efendants are not charged with any investigation, not even into their own records." *Stiren v. Lowes Home Ctrs., LLC*, 2019 WL 1958511, *3 (C.D. Cal. May 2, 2019).  Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth*, *supra*, 720 F.3d at 1125; *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018).

29. Here, Plaintiff's Complaint was indeterminate; it was not clear from the face of the Complaint that the case was removable.  The Complaint does not state the number of people in the putative class or subclasses, does not specify anyone's rates of pay, and lacks substantive facts regarding the basis for Plaintiff's claims (*e.g.*, there is no explanation as to how, why or how often employees were allegedly denied meal periods, etc.).  *See, e.g., Zhao v. RelayRides, Inc.*, 2017 U.S. Dist. LEXIS 204415, *32 (N.D. Cal. Dec. 12, 2017) (plaintiff's complaint "did not reveal on its face that the action was removable under CAFA" where it "contained no specific allegations regarding . . . the amount of either [the plaintiff's] damages or the damages of the class as a whole"); *Trahan v. U.S. Bank Nat'l Ass'n*, 2014 U.S. Dist. LEXIS 4019, *11-12 (documents were indeterminate and did not trigger 30-day removal deadline where they "did not expressly state that the amount in controversy would exceed $5,000,000...and did not make any specific assertions about the amount of damages that might be available to the class or the value of injunctive relief").  Nor has Defendant received any other "pleading, motion, order or other paper" in this matter

that revealed on its face that this matter was removable under CAFA. Accordingly, as Defendant remained free to conduct its own investigation of Plaintiff's claims and remove at any time, this removal is timely.

30. **Venue**. As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the State in which the action is pending. The state court action was pending in Santa Clara County Superior Court, which is located within the boundaries of this Court. Thus, venue is proper in this Court. 28 U.S.C. § 1441(a).

31. **Copies of Process, Pleadings and Orders**. As required by 28 U.S.C. § 1446, Defendant hereby provides this Court with copies of all process, pleadings, and orders received by Defendant in this action (attached as Exhibit "A"). Defendant has not received any pleading, process, or order besides those attached.

32. **Notice to Plaintiff and State Court**. As required by 28 U.S.C. § 1446(d), Defendant will promptly give written notice of filing to Plaintiff, and file a copy of the Notice with the clerk of the Santa Clara County Superior Court.

33. **Notice of Interested Parties**. As required by Rule 7.1, Defendant concurrently filed its Certification of Interested Parties.

34. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to address any such question.

35. Accordingly, Defendant removes the above-entitled action to this Court.

DATED: August 6, 2020               OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.


                                    By: /s/ Aaron H. Cole
                                        Aaron H. Cole
                                        Jerald L. Monson
                                        Brian D. Berry

                                    Attorneys for Defendant
                                    UPS MAIL INNOVATIONS, INC.