# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21584665**
**Date Processed: 06/05/2020**

| | |
|---|---|
| Primary Contact: | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| Electronic copy provided to: | CSC Test<br>Salem Desir<br>Arlette Willis<br>Bishop Martin |

| | |
|---|---|
| **Entity:** | UPS Mail Innovations, Inc.<br>Entity ID Number  2551234 |
| **Entity Served:** | UPS Mail Innovations, Inc. |
| **Title of Action:** | Tracee Sheppard vs. UPS Mail Innovations, Inc. |
| **Matter Name/ID:** | Tracee Sheppard vs. UPS Mail Innovations, Inc. (10285493) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Santa Clara County Superior Court, CA |
| **Case/Reference No:** | 20CV365260 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/04/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jessica L. Campbell<br>949-379-6250 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS On First Amended Complaint
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

E-FILED
6/1/2020 3:20 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV365260
Reviewed By: R. Walker
Envelope: 4399474

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STAFFMARK INVESTMENT LLC; UPS MAIL INNOVATIONS, INC.; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TRACEE SHEPPARD, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, County of Santa Clara<br>191 N. First Street, San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):*<br>20CV365260 20CV365260 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, P.C., 9811 Irvine Center Drive, Suite 100, Irvine, CA 92618, 949-379-6250

| DATE:<br>*(Fecha)* 6/1/2020 3:20 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* UPS MAIL INNOVATIONS, INC.
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

1  **AEGIS LAW FIRM, PC**
   SAMUEL A. WONG, State Bar No. 217104
2  KASHIF HAQUE, State Bar No. 218672
   JESSICA L. CAMPBELL, State Bar No. 280626
3  9811 Irvine Center Drive, Suite 100
   Irvine, California 92618
4  Telephone: (949) 379-6250
   Facsimile:  (949) 379-6251
5  Email: jcampbell@aegislawfirm.com
6
7  Attorneys for Plaintiff Tracee Sheppard,
   individually and on behalf of all others similarly situated

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 6/1/2020 3:20 PM
Reviewed By: R. Walker
Case #20CV365260
Envelope: 4399474**

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                **FOR THE COUNTY OF SANTA CLARA**
10

11  TRACEE SHEPPARD, individually and on        Case No. 20CV365260
    behalf of all others similarly situated,
12                                               **[Amended as a matter of right, pursuant to
                                                 Labor Code section 2699.3(a)(2)(C)]**
13              Plaintiff,
                                                 **FIRST    AMENDED    CLASS    ACTION
14        vs.                                    COMPLAINT FOR:**

15  STAFFMARK INVESTMENT LLC; UPS               1.  Failure to Provide Meal Periods;
    MAIL INNOVATIONS, INC.; and DOES
16  1 through 20, inclusive,                     2.  Failure to Permit Rest Breaks;

17              Defendants.                      3.  Failure to Provide Accurate Itemized Wage
                                                     Statements;
18
19                                               4.  Failure to Pay All Wages Due Upon
                                                     Separation of Employment; and
20
21                                               5.  Violation of Business and Professions
                                                     Code §§ 17200, *et seq.*
22
23                                               6.  Enforcement of Labor Code § 2698 *et seq.*
                                                     ("PAGA")
24
25
26
27
28

                          FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Tracee Sheppard, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      Plaintiff Tracee Sheppard ("Plaintiff") brings this putative class and representative action pursuant to the Private Attorneys General Act of 2004, Cal. Lab. Code. § 2698 *et seq.* against defendants Staffmark Investment LLC; UPS Mail Innovations, Inc.; and DOES 1 through 20, inclusive (collectively, "Defendants"), on behalf of herself individually and on behalf of non-exempt employees employed by Defendants throughout California.

2.      Defendant Staffmark Investment LLC is in the business of providing staffing services and did so for UPS Mail Innovations, Inc.

3.      Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a) Failing to provide meal periods or compensation in lieu thereof;

(b) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(c) Failing to provide accurate itemized wage statements; and

(d) Failing to pay all wages due upon separation of employment.

5.      Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-204, 210, 226, 226.3, 226.7, 512, 558, 1174, 1174.5, and 2698, *et seq.*

## JURISDICTION AND VENUE

6.      This is a class action, pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

-1-

7.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business or have offices in this county or the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.     Plaintiff is a citizen of California. Plaintiff was employed by Defendants during the Class Period in California.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendants at all times hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and IWC Wage Orders, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.  Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

-2-

14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

15.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

18.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

19.     Plaintiff's proposed Class consists of and is defined as follows:

Class
All California citizens currently or formerly employed as non-exempt employees by Defendants in the State of California within four years prior to the filing of this action to the date of class certification.

20.     Plaintiff also seeks to certify the following Subclass of employees:

Waiting Time Subclass
All members of the Class who separated their employment from Defendants within three years prior to the filing of this action to the date of class certification.

21.     Members of the Class and Subclass described above will be collectively referred to as "class members."  Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and

-3-

1    specific theories of liability.

2        22.    This action has been brought and may properly be maintained as a class action

3    under the California Code of Civil Procedure § 382 because there are common questions of law

4    and fact as to the Class that predominate over questions affecting only individual members

5    including, but not limited to:

6        (a) Whether Defendants deprived Plaintiff and class members of timely meal periods;

7        (b) Whether Defendants deprived Plaintiff and class members of rest breaks;

8        (c) Whether Defendants failed to timely pay Plaintiff and former class members all

9            wages due upon termination or within 72 hours of resignation;

10       (d) Whether Defendants failed to furnish Plaintiff and class members with accurate,

11           itemized wage statements; and

12       (e) Whether Defendants engaged in unfair business practices in violation of Business

13           & Professions Code §§ 17200, *et seq.*

14       23.    There is a well-defined community of interest in this litigation and the Class is

15    readily ascertainable:

16       (a)   Numerosity:  The members of the Class are so numerous that joinder of all

17             members is impractical. Although the members of the Class are unknown

18             to Plaintiff at this time, on information and belief, the Class is estimated to

19             be greater than 100 individuals. The identity of the class members are

20             readily ascertainable by inspection of Defendants' employment and payroll

21             records.

22       (b)   Typicality:  The claims (or defenses, if any) of Plaintiff are typical of the

23             claims (or defenses, if any) of the Class because Defendants' failure to

24             comply with the provisions of California wage and hour laws entitled each

25             class member to similar pay, benefits and other relief. The injuries

26             sustained by Plaintiff are also typical of the injuries sustained by the Class

27             because they arise out of and are caused by Defendants' common course of

28             conduct as alleged herein.

-4-

FIRST AMENDED CLASS ACTION COMPLAINT

1       (c)     <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately represent

2             and protect the interests of all members of the Class because it is in her best

3             interest to prosecute the claims alleged herein to obtain full compensation

4             and penalties due to her and the Class. Plaintiff's attorneys, as proposed

5             class counsel, are competent and experienced in litigating large

6             employment class actions and are versed in the rules governing class action

7             discovery, certification and settlement. Plaintiff has incurred and,

8             throughout the duration of this action, will continue to incur attorneys' fees

9             and costs that have been and will be necessarily expended for the

10           prosecution of this action for the substantial benefit of each class member.

11     (d)     <u>Superiority</u>: The nature of this action makes the use of class action

12           adjudication superior to other methods. A class action will achieve

13           economies of time, effort and expense as compared with separate lawsuits,

14           and will avoid inconsistent outcomes because the same issues can be

15           adjudicated in the same manner and at the same time for each Class. If

16           appropriate this Court can, and is empowered to, fashion methods to

17           efficiently manage this case as a class action.

18     (e)     <u>Public Policy Considerations</u>:  Employers in the State of California and

19           other states violate employment and labor laws every day.  Current

20           employees are often afraid to assert their rights out of fear of direct or

21           indirect retaliation. Former employees are fearful of bringing actions

22           because they believe their former employers might damage their future

23           endeavors through negative references and/or other means.  Class actions

24           provide the class members who are not named in the complaint with a

25           type of anonymity that allows for the vindication of their rights at the

26           same time as affording them privacy protections.

### GENERAL ALLEGATIONS

24.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

-5-

1     persons as non-exempt employees.

2          25.     Plaintiff was employed in a non-exempt position at Defendants' California

3     business location(s).

4          26.     Defendants continue to employ non-exempt employees within California.

5          27.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

6     mentioned, Defendants were advised by skilled lawyers, employees and other professionals

7     who were knowledgeable about California's wage and hour laws, employment and personnel

8     practices and the requirements of California law.

9          28.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

10     should have known that Plaintiff and class members were entitled to receive all required meal

11     periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular

12     rate of pay when they did not receive a timely meal period. In violation of the Labor Code and

13     IWC Wage Orders, Plaintiff and class members did not receive all timely meal periods or

14     payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay

15     when they did not receive a timely meal period.

16          29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17     should have known that Plaintiff and class members were entitled to receive all rest breaks or

18     payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay

19     when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiff

20     and class members did not receive all rest breaks or payment of one (1) additional hour of pay

21     at Plaintiff and class members' regular rate of pay when a rest break was missed.

22          30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

23     should have known that Plaintiff and class members were entitled to receive itemized wage

24     statements that accurately showed their gross and net wages earned, inclusive dates of pay

25     periods, total hours worked and all applicable hourly rates in effect and the number of hours

26     worked at each hourly rate in accordance with California law. In violation of the Labor Code,

27     Plaintiff and class members were not provided with accurate itemized wage statements.

28          31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

FIRST AMENDED CLASS ACTION COMPLAINT

1   should have known that Plaintiff and Waiting Time Subclass members were entitled to timely

2   payment of wages due upon separation of employment.   In violation of the Labor Code,

3   Plaintiff and Waiting Time Subclass members did not receive payment of all wages within

4   permissible time periods.

5         32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

6   should have known they had a duty to compensate Plaintiff and class members, and Defendants

7   had the financial ability to pay such compensation but willfully, knowingly and intentionally

8   failed to do so all in order to increase Defendants' profits.

9                        **FIRST CAUSE OF ACTION**

10                  **FAILURE TO PROVIDE MEAL PERIODS**

11      **(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)**

12         33.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

13   though fully set forth herein.

14         34.    Labor Code § 226.7 provides that no employer shall require an employee to work

15   during any meal period mandated by the IWC Wage Orders.

16         35.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ

17   any person for a work period of more than five (5) hours without a meal period of not less than

18   30 minutes, except that when a work period of not more than six (6) hours will complete the

19   day's work the meal period may be waived by mutual consent of the employer and the

20   employee."

21         36.    Labor Code § 512(a) provides that an employer may not require, cause or permit

22   an employee to work for a period of more than five (5) hours per day without providing the

23   employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

24   the total work period per day of the employee is not more than six (6) hours, the meal period

25   may be waived by mutual consent of both the employer and the employee.

26         37.    Labor Code § 512(a) also provides that an employer may not employ an

27   employee for a work period of more than ten (10) hours per day without providing the employee

28   with a second meal period of not less than thirty (30) minutes, except that if the total hours

-7-

1    worked is no more than twelve (12) hours, the second meal period may be waived by mutual

2    consent of the employer and the employee only if the first meal period was not waived.

3           38.    During the relevant time period, Plaintiff and class members did not receive

4    compliant meal periods for each five hours worked per day.

5           39.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

6    an employer to pay an employee one additional hour of pay at the employee's regular rate of

7    compensation for each work day that a meal period is not provided.

8           40.    At all relevant times, Defendants failed to pay Plaintiff and class members meal

9    period premiums for meal period violations pursuant to Labor Code § 226.7(b) and section 11

10   of the applicable IWC Wage Order.

11          41.    As a result of Defendants' failure to pay Plaintiff and class members an

12   additional hour of pay for each day a meal period was not provided, Plaintiff and class members

13   suffered and continue to suffer a loss of wages and compensation.

14                              **SECOND CAUSE OF ACTION**

15                           <u>**FAILURE TO PERMIT REST BREAKS**</u>

16         **(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)**

17          42.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

18   though fully set forth herein.

19          43.    Labor Code § 226.7(a) provides that no employer shall require an employee to

20   work during any rest period mandated by the IWC Wage Orders.

21          44.    Section 12 of the applicable IWC Wage Order states "every employer shall

22   authorize and permit all employees to take rest periods, which insofar as practicable shall be in

23   the middle of each work period" and the "authorized rest period time shall be based on the total

24   hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

25   fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

26          45.    During the relevant time period, Plaintiff and class members did not receive a ten

27   (10) minute rest period for every four (4) hours or major fraction thereof worked.

28          46.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

-8-

1   requires an employer to pay an employee one additional hour of pay at the employee's regular

2   rate of compensation for each work day that the rest period is not provided.

3       47.    At all relevant times, Defendants failed to pay Plaintiff and class members rest

4   period premiums for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of

5   the applicable IWC Wage Order.

6       48.    As a result of Defendants' failure to pay Plaintiff and class members an

7   additional hour of pay for each day a rest period was not provided, Plaintiff and class members

8   suffered and continue to suffer a loss of wages and compensation.

9                           **THIRD CAUSE OF ACTION**

10      **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

11                       **(Violation of Labor Code § 226)**

12      49.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

13   though fully set forth herein.

14      50.    Labor Code § 226(a) requires Defendants to provide each employee with an

15   accurate wage statement in writing showing nine pieces of information, including: (1) gross

16   wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units

17   earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

18   deductions, provided that all deductions made on written orders of the employee may be

19   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period

20   for which the employee is paid, (7) the name of the employee and the last four digits of his or

21   her social security number or an employee identification number other than a social security

22   number, (8) the name and address of the legal entity that is the employer, and (9) all applicable

23   hourly rates in effect during the pay period and the corresponding number of hours worked at

24   each hourly rate by the employee.

25      51.    During the relevant time period, Defendants have knowingly and intentionally

26   failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff

27   and class members.  The deficiencies include, among other things, the failure to correctly state

28   accurate inclusive dates of the pay period for Plaintiff and class members.

-9-

52.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

53.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

54.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

55.    Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

/ / /

/ / /

/ / /

/ / /

-10-

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND WITHIN THE REQUIRED TIME

#### (Violation of Labor Code §§ 201, 202 and 203)

56.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

58.     During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

59.     Defendants' failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

60.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

61.     Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

-11-

# FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

62.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

63.    Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and class members. Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

64.    Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

65.    A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

66.    Defendants' policies and practices have violated state law in at least the following respects:

      (a)    Failing to provide timely meal periods without paying Plaintiff and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

      (b)    Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

      (c)    Failing to provide Plaintiff and class members with accurate itemized wage statements in violation of Labor Code § 226; and

      (e)    Failing to timely pay all earned wages to Plaintiff and Waiting Time Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and 203.

67.    Defendants intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

-12-

68.     Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

### SIXTH CAUSE OF ACTION

### ENFORCEMENT OF LABOR CODE §§ 2698 *ET SEQ.* ("PAGA")

69.     Plaintiff hereby re-alleges and incorporate by reference the previous paragraphs as though fully set forth herein.

70.     Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies, or employees for violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

71.     For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendants violated these provisions of the Labor Code:

72.     Defendants' conduct violates numerous Wage Order and Labor Code sections, including, but not limited to, the following:

a.      violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal periods as herein alleged;

b.      violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiff and other aggrieved employees and failure to pay premium wages for missed rest periods as herein alleged;

-13-

c.    violation of Labor Code § 226 for failure to provide accurate itemized wage statements to Plaintiff and other aggrieved employees as herein alleged;

d.    violation of Labor Code §§ 201-204, 210 for failure to pay all wages owed during and after employment to Plaintiff and other aggrieved employees as herein alleged; and

e.    violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate and complete records showing, among other things, the hours worked daily by and the wages paid to aggrieved employees.

73.    Plaintiff is an "aggrieved employee" because she was employed by the alleged violators and had one or more of the violations committed against her, and therefore is properly suited to represent the interests of all other aggrieved employees.

74.    Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of herself and all other aggrieved employees under PAGA.

75.    Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

76.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

**<u>PRAYER FOR RELIEF</u>**

Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.    For appointment of Tracee Sheppard as the class representatives;

3.    For appointment of Aegis Law Firm, PC as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof with interest

-14-

thereon;

5.     For economic and/or special damages in an amount according to proof with interest thereon;

6.     For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code § 226(e), and 2698 *et seq.*;

7.     For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

9.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

10.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

11.    For pre-judgment interest;

12.    For civil penalties; and

13.    For such other relief as the Court deems just and proper.

Dated: June 1, 2020          **AEGIS LAW FIRM, PC**

By: *Jessica L. Campbell*

Jessica L. Campbell
Attorneys for Plaintiff

-15-

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STAFFMARK INVESTMENT LLC; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TRACEE SHEPPARD, individually and on behalf of all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
3/19/2020 5:27 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV365260
Reviewed By: R. Walker
Envelope: 4190889

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | 20CV365260 |

Superior Court of the State of California, County of Santa Clara
191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, P.C., 9811 Irvine Center Drive, Suite 100, Irvine, CA 92618, 949-379-6250

| DATE:<br>*(Fecha)* | 3/19/2020 5:27 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

[SEAL]

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251
Email: jcampbell@aegislawfirm.com

Attorneys for Plaintiff Tracee Sheppard,
individually and on behalf of all others similarly situated

E-FILED
3/19/2020 5:27 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV365260
Reviewed By: R. Walker

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

TRACEE SHEPPARD, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

STAFFMARK INVESTMENT LLC; and DOES 1 through 20, inclusive,

Defendants.

Case No. **20CV365260**

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Provide Meal Periods;

2. Failure to Permit Rest Breaks;

3. Failure to Provide Accurate Itemized Wage Statements;

4. Failure to Pay All Wages Due Upon Separation of Employment; and

5. Violation of Business and Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiff Tracee Sheppard, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.    Plaintiff Tracee Sheppard ("Plaintiff") brings this putative class action against defendants Staffmark Investment LLC and DOES 1 through 20, inclusive (collectively, "Defendants"), on behalf of herself individually and a putative class of non-exempt employees employed by Defendants throughout California.

2.    Defendants are in the business of providing staffing services and did so for US Mail Innovations, Inc.

3.    Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

    (a) Failing to provide meal periods or compensation in lieu thereof;

    (b) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

    (c) Failing to provide accurate itemized wage statements; and

    (d) Failing to pay all wages due upon separation of employment.

5.    Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 210, 226, 226.7, 512.

## JURISDICTION AND VENUE

6.    This is a class action, pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.    This Court has jurisdiction over this action pursuant to the California

-1-

1   Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all

2   causes except those given by statutes to other courts.  The statutes under which this action is

3   brought do not specify any other basis for jurisdiction.

4        8.    This Court has jurisdiction over all Defendants because, upon information and

5   belief, they are citizens of California, have sufficient minimum contacts in California or

6   otherwise intentionally avail themselves of the California market so as to render the exercise of

7   jurisdiction over them by the California courts consistent with traditional notions of fair play

8   and substantial justice.

9        9.    Venue is proper in this Court because, upon information and belief, Defendants

10   reside, transact business or have offices in this county or the acts and omissions alleged herein

11   took place in this county.

12                       **THE PARTIES**

13        10.    Plaintiff is a citizen of California. Plaintiff was employed by Defendants during

14   the Class Period in California.

15        11.    Plaintiff is informed and believes, and thereon alleges, that Defendants at all

16   times hereinafter mentioned, were and are employers as defined in and subject to the Labor

17   Code and IWC Wage Orders, whose employees were and are engaged throughout this county

18   and the State of California.

19        12.    Plaintiff is unaware of the true names or capacities of the defendants sued herein

20   under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

21   Complaint and serve such fictitiously named defendants once their names and capacities

22   become known.

23        13.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted

24   in all respects pertinent to this action as the agent of the other defendant, carried out a joint

25   scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant

26   are legally attributable to the other defendant.  Furthermore, defendants in all respects acted as

27   the employer and/or joint employer of Plaintiff and the class members.

28        14.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

1 acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or

2 DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on

3 the other's behalf.  The acts of any and all Defendants were in accordance with, and represent,

4 the official policy of Defendants.

5   15. At all relevant times, Defendants, and each of them, acted within the scope of

6 such agency or employment, or ratified each and every act or omission complained of herein.

7 At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

8 each and all the other Defendants in proximately causing the damages herein alleged.

9   16. Plaintiff is informed and believes, and thereon alleges, that each of said

10 Defendants is in some manner intentionally, negligently or otherwise responsible for the acts,

11 omissions, occurrences and transactions alleged herein.

12      **CLASS ACTION ALLEGATIONS**

13   17. Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

14 herself and all others similarly situated who were affected by Defendants' Labor Code,

15 Business and Professions Code §§ 17200 and IWC Wage Order violations.

16   18. All claims alleged herein arise under California law for which Plaintiff seeks

17 relief authorized by California law.

18   19. Plaintiff's proposed Class consists of and is defined as follows:

19    Class

20    All California citizens currently or formerly employed as non-exempt employees
     by Defendants in the State of California within four years prior to the filing of this

21    action to the date of class certification.

22   20. Plaintiff also seeks to certify the following Subclass of employees:

23    Waiting Time Subclass
     All members of the Class who separated their employment from Defendants

24    within three years prior to the filing of this action to the date of class certification.

25   21. Members of the Class and Subclass described above will be collectively referred

26 to as "class members."  Plaintiff reserves the right to establish other or additional subclasses, or

27 modify any Class or Subclass definition, as appropriate based on investigation, discovery and

28 specific theories of liability.

22.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

      (a) Whether Defendants deprived Plaintiff and class members of timely meal periods;

      (b) Whether Defendants deprived Plaintiff and class members of rest breaks;

      (c) Whether Defendants failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

      (d) Whether Defendants failed to furnish Plaintiff and class members with accurate, itemized wage statements; and

      (e) Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

23.     There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

      (a)  Numerosity: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

      (b)  Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

      (c)  Adequacy: Plaintiff is qualified to, and will fairly and adequately represent

-4-

1      and protect the interests of all members of the Class because it is in her best

2      interest to prosecute the claims alleged herein to obtain full compensation

3      and penalties due to her and the Class. Plaintiff's attorneys, as proposed

4      class counsel, are competent and experienced in litigating large

5      employment class actions and are versed in the rules governing class action

6      discovery, certification and settlement. Plaintiff has incurred and,

7      throughout the duration of this action, will continue to incur attorneys' fees

8      and costs that have been and will be necessarily expended for the

9      prosecution of this action for the substantial benefit of each class member.

10      (d)    Superiority: The nature of this action makes the use of class action

11      adjudication superior to other methods. A class action will achieve

12      economies of time, effort and expense as compared with separate lawsuits,

13      and will avoid inconsistent outcomes because the same issues can be

14      adjudicated in the same manner and at the same time for each Class. If

15      appropriate this Court can, and is empowered to, fashion methods to

16      efficiently manage this case as a class action.

17      (e)    Public Policy Considerations: Employers in the State of California and

18      other states violate employment and labor laws every day. Current

19      employees are often afraid to assert their rights out of fear of direct or

20      indirect retaliation. Former employees are fearful of bringing actions

21      because they believe their former employers might damage their future

22      endeavors through negative references and/or other means. Class actions

23      provide the class members who are not named in the complaint with a

24      type of anonymity that allows for the vindication of their rights at the

25      same time as affording them privacy protections.

26      **GENERAL ALLEGATIONS**

27      24.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

28   persons as non-exempt employees.

-5-

25.     Plaintiff was employed in a non-exempt position at Defendants' California business location(s).

26.     Defendants continue to employ non-exempt employees within California.

27.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices and the requirements of California law.

28.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely meal period.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all timely meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely meal period.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive itemized wage statements that accurately showed their gross and net wages earned, inclusive dates of pay periods, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate in accordance with California law.  In violation of the Labor Code, Plaintiff and class members were not provided with accurate itemized wage statements.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Waiting Time Subclass members were entitled to timely

-6-

1  payment of wages due upon separation of employment.   In violation of the Labor Code,

2  Plaintiff and Waiting Time Subclass members did not receive payment of all wages within

3  permissible time periods.

4       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5  should have known they had a duty to compensate Plaintiff and class members, and Defendants

6  had the financial ability to pay such compensation but willfully, knowingly and intentionally

7  failed to do so all in order to increase Defendants' profits.

8  **FIRST CAUSE OF ACTION**

9  **FAILURE TO PROVIDE MEAL PERIODS**

10  **(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)**

11       33.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

12  though fully set forth herein.

13       34.    Labor Code § 226.7 provides that no employer shall require an employee to work

14  during any meal period mandated by the IWC Wage Orders.

15       35.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ

16  any person for a work period of more than five (5) hours without a meal period of not less than

17  30 minutes, except that when a work period of not more than six (6) hours will complete the

18  day's work the meal period may be waived by mutual consent of the employer and the

19  employee."

20       36.    Labor Code § 512(a) provides that an employer may not require, cause or permit

21  an employee to work for a period of more than five (5) hours per day without providing the

22  employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

23  the total work period per day of the employee is not more than six (6) hours, the meal period

24  may be waived by mutual consent of both the employer and the employee.

25       37.    Labor Code § 512(a) also provides that an employer may not employ an

26  employee for a work period of more than ten (10) hours per day without providing the employee

27  with a second meal period of not less than thirty (30) minutes, except that if the total hours

28  worked is no more than twelve (12) hours, the second meal period may be waived by mutual

-7-

1    consent of the employer and the employee only if the first meal period was not waived.

2          38.    During the relevant time period, Plaintiff and class members did not receive

3    compliant meal periods for each five hours worked per day.

4          39.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

5    an employer to pay an employee one additional hour of pay at the employee's regular rate of

6    compensation for each work day that a meal period is not provided.

7          40.    At all relevant times, Defendants failed to pay Plaintiff and class members meal

8    period premiums for meal period violations pursuant to Labor Code § 226.7(b) and section 11

9    of the applicable IWC Wage Order.

10         41.    As a result of Defendants' failure to pay Plaintiff and class members an

11   additional hour of pay for each day a meal period was not provided, Plaintiff and class members

12   suffered and continue to suffer a loss of wages and compensation.

13                        **SECOND CAUSE OF ACTION**

14                    **FAILURE TO PERMIT REST BREAKS**

15   **(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)**

16         42.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

17   though fully set forth herein.

18         43.    Labor Code § 226.7(a) provides that no employer shall require an employee to

19   work during any rest period mandated by the IWC Wage Orders.

20         44.    Section 12 of the applicable IWC Wage Order states "every employer shall

21   authorize and permit all employees to take rest periods, which insofar as practicable shall be in

22   the middle of each work period" and the "authorized rest period time shall be based on the total

23   hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

24   fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

25         45.    During the relevant time period, Plaintiff and class members did not receive a ten

26   (10) minute rest period for every four (4) hours or major fraction thereof worked.

27         46.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

28   requires an employer to pay an employee one additional hour of pay at the employee's regular

                                    -8-

1   rate of compensation for each work day that the rest period is not provided.

2       47.    At all relevant times, Defendants failed to pay Plaintiff and class members rest
3   period premiums for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of
4   the applicable IWC Wage Order.

5       48.    As a result of Defendants' failure to pay Plaintiff and class members an
6   additional hour of pay for each day a rest period was not provided, Plaintiff and class members
7   suffered and continue to suffer a loss of wages and compensation.

8                           **THIRD CAUSE OF ACTION**

9           **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

10                          **(Violation of Labor Code § 226)**

11      49.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
12  though fully set forth herein.

13      50.    Labor Code § 226(a) requires Defendants to provide each employee with an
14  accurate wage statement in writing showing nine pieces of information, including: (1) gross
15  wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units
16  earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all
17  deductions, provided that all deductions made on written orders of the employee may be
18  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period
19  for which the employee is paid, (7) the name of the employee and the last four digits of his or
20  her social security number or an employee identification number other than a social security
21  number, (8) the name and address of the legal entity that is the employer, and (9) all applicable
22  hourly rates in effect during the pay period and the corresponding number of hours worked at
23  each hourly rate by the employee.

24      51.    During the relevant time period, Defendants have knowingly and intentionally
25  failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff
26  and class members. The deficiencies include, among other things, the failure to correctly state
27  accurate inclusive dates of the pay period for Plaintiff and class members.

28      52.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

-9-

1   and class members have suffered injury and damage to their statutorily protected rights.

2   Specifically, Plaintiff and class members have been injured by Defendants' intentional

3   violation of California Labor Code § 226(a) because they were denied both their legal right to

4   receive, and their protected interest in receiving, accurate itemized wage statements under

5   California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the

6   extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time.

7   Plaintiff would not have had to engage in these efforts and incur these costs had Defendants

8   provided the accurate wages earned. This has also delayed Plaintiff's ability to demand and

9   recover the underpayment of wages from Defendants.

10        53.    California Labor Code § 226(a) requires an employer to pay the greater of all

11   actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred,

12   and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods,

13   plus attorney's fees and costs, to each employee who was injured by the employer's failure to

14   comply with California Labor Code § 226(a).

15        54.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff

16   and class members from knowing, understanding and disputing the wages paid to them, and

17   resulted in an unjustified economic enrichment to Defendants. As a result of Defendants'

18   knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and

19   class members have suffered an injury, and the exact amount of damages and/or penalties is all

20   in an amount to be shown according to proof at trial.

21        55.    Plaintiff and class members are also entitled to injunctive relief under California

22   Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and

23   seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND WITHIN THE REQUIRED TIME

### (Violation of Labor Code §§ 201, 202 and 203)

28        56.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

-10-

though fully set forth herein.

57.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

58.     During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

59.     Defendants' failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

60.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

61.     Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ.

62.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

63.     Defendants' conduct, as alleged herein, has been and continues to be unfair,

-11-

1    unlawful and harmful to Plaintiff and class members. Plaintiff seek to enforce important rights

2    affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

3          64.    Defendants' activities, as alleged herein, violate California law and constitute

4    unlawful business acts or practices in violation of California Business and Professions Code

5    §§ 17200, *et seq.*

6          65.    A violation of Business and Professions Code §§ 17200, *et seq.* may be

7    predicated on the violation of any state or federal law.

8          66.    Defendants' policies and practices have violated state law in at least the

9    following respects:

10               (a)    Failing to provide timely meal periods without paying Plaintiff and class

11                      members premium wages for every day said meal periods were not

12                      provided in violation of Labor Code §§ 226.7 and 512;

13               (b)    Failing to authorize or permit rest breaks without paying Plaintiff and

14                      class members premium wages for every day said rest breaks were not

15                      authorized or permitted in violation of Labor Code § 226.7;

16               (c)    Failing to provide Plaintiff and class members with accurate itemized

17                      wage statements in violation of Labor Code § 226; and

18               (e)    Failing to timely pay all earned wages to Plaintiff and Waiting Time

19                      Subclass members upon separation of employment in violation of Labor

20                      Code §§ 201, 202 and 203.

21         67.    Defendants intentionally avoided paying Plaintiff and class members' wages and

22   monies, thereby creating for Defendants an artificially lower cost of doing business in order to

23   undercut their competitors and establish and gain a greater foothold in the marketplace.

24         68.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class

25   members are entitled to restitution of the wages unlawfully withheld and retained by

26   Defendants during a period that commences four years prior to the filing of the Complaint; an

27   award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable

28   laws; and an award of costs.

-12-

**PRAYER FOR RELIEF**

Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.    For appointment of Tracee Sheppard as the class representatives;

3.    For appointment of Aegis Law Firm, PC as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof with interest thereon;

5.    For economic and/or special damages in an amount according to proof with interest thereon;

6.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5 and Labor Code § 226(e);

7.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

9.    For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

10.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

11.    For pre-judgment interest; and

12.    For such other relief as the Court deems just and proper.

Dated: March 19, 2020                    **AEGIS LAW FIRM, PC**

By: _____
                          Jessica L. Campbell
                          Attorneys for Plaintiff

-13-

1

2 **<u>DEMAND FOR JURY TRIAL</u>**

3 Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

4

5 Dated: March 19, 2020          **AEGIS LAW FIRM, PC**

6

7 By: _____

8             Jessica L. Campbell
            Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jessica L. Campbell, Esq. SBN 280626<br>AEGIS LAW FIRM, P.C.<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>TELEPHONE NO.: 949.379.6250    FAX NO.: 949.379.6251<br>ATTORNEY FOR *(Name):* Plaintiff Tracee Sheppard | Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/19/2020 5:27 PM<br>Reviewed By: R. Walker<br>Case #20CV365260<br>Envelope: 4190889 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Tracee Sheppard v. Staffmark Investment LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: | **20CV365260** |
| | | | DEPT: | |

*Items 1–6 must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Five
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 19, 2020
Jessica L. Campbell
▶
_____                              _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL LAWSUIT NOTICE**

ATTACHMENT CV-5012

**20CV365260**

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: _____

---

| **PLEASE READ THIS ENTIRE FORM** |

**PLAINTIFF** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:**   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):**  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC.**  *You may ask to appear by telephone -- see Local Civil Rule 8.*

| Your Case Management Judge is: | **Hon. Brian C. Walsh** | Department: | **1** |
|---|---|---|---|
| The 1st CMC is scheduled for: (Completed by Clerk of Court) Date: **07/24/2020**  Time: **10:00 am**  in Department: | | | **1** |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) Date: _____  Time: _____  in Department: _____ | | | |

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA  95113-1090

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/28/2020 3:52 PM
Reviewed By: R. Walker
Case #20CV365260
Envelope: 4389299

TO:   FILE COPY


RE:               **Sheppard v. Staffmark Investment LLC**
CASE NUMBER:      **20CV365260**


### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
### AND RESPONSIVE PLEADING DEADLINE


WHEREAS, the Complaint was filed by Plaintiff **TRACEE SHEPPARD** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **March 19, 2020** and the matter was assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the **Honorable Brian C. Walsh** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **TRACEE SHEPPARD**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for <u>July 24, 2020 at 10:00 a.m. in Department 1</u> and all counsel are ordered to attend in person.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:
1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: ___5 - 20 -20___

Hon. **Brian C. Walsh**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

3

Updated on 3/8/18.



FILED

MAY 0 6 2020

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____DEPUTY
David K. Walker

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

GENERAL ORDER RE: COVID-19 EMERGENCY ORDER REGARDING COMPLEX
CIVIL ACTIONS

On March 30, 2020 the Chief Justice of California issued an order, which states in

pertinent part:

"I find good cause to…support courts in making use of available technology, when

possible, to conduct judicial proceedings and court operations remotely, suspend any rule in the

California Rules of Court to the extent such rule would prevent a court from using technology to

conduct judicial proceedings and court operations remotely, in order to protect the health and

safety of the public, court personnel, judicial officers, litigants, and witnesses. This is consistent

with the Governor's order, which also provides for the suspension of related statutes that impose

limitations on the subject of these emergency orders."

Emergency rule 3, adopted by the Judicial Council of California effective April 6, 2020,

states in pertinent part:

"Notwithstanding any other law, in order to protect the health and safety of the public,

including court users, both in custody and out of custody defendants, witnesses, court personnel,

judicial officers, and others, courts must conduct judicial proceedings and court operations as

follows:

(1) Courts may require that judicial proceedings and court operations be conducted remotely.

(2) * * *

(3) Conducting proceedings remotely includes, but is not limited to, the use of video, audio, and telephonic means for remote appearances; the electronic exchange and authentication of documentary evidence; e-filing and e-service; the use of remote interpreting; and the use of remote reporting and electronic recording to make the official record of an action or proceeding."

Given that County health officials have deemed professional legal services "essential businesses" and the operation of the court an "essential service" to be conducted consistent with "social distancing protocols";

IT IS HEREBY ORDERED that the following applies to all complex civil actions:

**1.  Sunset of Order and Procedures.**  This Order and the procedures set forth herein shall apply and be followed until ten (10) calendar days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or lifted by further order of this Court.

**2.  Electronic Service.**  Pursuant to Code of Civil Procedure Section 1010.6(c), California Rules of Court, rule 2.253(c) and rule 2.251(c), and Emergency rule 12, all parties represented by counsel  and all self-represented parties who have consented in writing to electronic service shall serve all documents electronically and shall accept service of documents electronically, in conformity with Code of Civil Procedure Section 1010.6 and the California Rules of Court, except when personal service is required by statute.  Counsel for the parties shall meet and confer, agree upon, and keep updated, an e-service list for each civil action.  The parties are reminded that electronic service of documents may extend time periods for response by two (2) court days, pursuant to Code of Civil Procedure Section 1010.6(a)(4)(B).

**3.  Electronic Filing.**  As previously established by Local Rules, pursuant to California Rules of Court, rule 2.253(b), all parties shall file all documents electronically.

**4.  Judicial Holiday Extensions Only For Filings.**  Pursuant to authority granted by the Chief Justice, the Presiding Judge of this Court has issued orders providing that the dates

1  from March 17, 2020 to May 29, 2020, are "holidays" for "purposes of computing time for filing

2  papers with the Court under Code of Civil Procedure Sections 12 and 12a . . . ." As specifically

3  stated in the Order, such emergency "holidays" only pertain to the deadlines for *filing* papers

4  with the Court, and do not pertain to dates and deadlines regarding service of papers between the

5  parties, such as discovery requests and discovery responses.

6      **5.    Discovery.** All discovery requests and responses (C.C.P. § 2019.010), including

7  but not limited to notice of deposition, special interrogatories, form interrogatories, requests for

8  production of documents, and requests for admissions, shall be served electronically by all

9  represented by counsel and all self-represented parties who have consented in writing to

10  electronic service.  Production of documents shall be provided in electronic form unless the

11  parties agree otherwise in writing.  If not previously established, counsel for the parties shall

12  meet and confer regarding possible establishment of a joint electronic document depository for

13  the uploading and downloading of electronic document productions.

14      **6.    Depositions.** Code of Civil Procedure Section 2025.310 provides that all persons,

15  except the deponent and the court reporter, may attend a deposition remotely. Emergency rule 11

16  (a) states: "Notwithstanding any other law, including Code of Civil Procedure section

17  2025.310(a) and (b), and rule 3.1010(c) and (d), a party or non-party deponent, at their election

18  or the election of the deposing party, is not required to be present with the deposition officer at

19  the time of the deposition."

20      **a.**  All notices of deposition, including by subpoena duces tecum, of any party or

21  non-party, shall be served upon all parties electronically.

22      **b.**  Unless otherwise stipulated in writing by the parties, or unless technologically

23  infeasible, any or all of an oral deposition may be conducted remotely, in that the deponent, the

24  court reporter, any interpreter, the video operator, the attorney for any party, or any party, may

25  "attend" the deposition remotely by appropriate audio-video conference method – which method

26  shall be selected and identified by the noticing party. The deponent and his/her attorney may

27  choose to be in the same location for the deposition, if they conduct themselves consistent with

28  "social distancing protocols", but the deponent is not required to wear any face covering while

giving deposition testimony. As professional legal services have been deemed "essential businesses" and the operation of the court an "essential service", it is the Court's expectation that the deponent and his/her attorney can prepare for the deposition consistent with "social distancing protocols".

     **c.**  All communications with the deponent during the deposition shall be on the record, other than communications between the deponent and his/her attorney of record during breaks.   During the deposition there shall not be direct or indirect electronic communications with the deponent, including but not limited to text, email, chat, instant message, etc.

     **d.**  If the notice of deposition or subpoena includes a request for production of documents at any oral deposition, such documents shall be produced electronically by the deponent to counsel for all parties at least three (3) business days before the deposition date, unless otherwise agreed by counsel for the parties and for the deponent in writing.

    **7.**    **Remote Appearances.**  All appearances for informal discovery conferences, case management conferences, law and motion and other hearings shall be conducted remotely on a media platform the Court will designate when it schedules a hearing.

    **8.**    **Informal Discovery Conferences.**

     **a.**  Pursuant to Code of Civil Procedure Section 2016.080 and the Court's Complex Guidelines, no party may move to compel discovery, or file any other discovery motion, including any motion for non-remote deposition, until the parties have had an informal discovery conference with the Court.  Counsel must have exhausted all meet and confer obligations before the informal discovery conference.  To request an informal discovery conference, counsel should contact the Complex Coordinator by email, which must be contemporaneously copied to counsel for all parties to the action.  Pursuant to Code of Civil Procedure Section 2016.080(c)(2), the time for bringing any motion to compel is tolled starting on the date a party makes the email request for an informal discovery conference to the Court.

     **b.**  If the discovery dispute is not resolved following the discovery conference, any party may proceed to file a motion.  Any such motion must be filed within ten (10) court days of the conference, or within the 45-day statutory time, whichever date is later, unless otherwise

1  specifically ordered by the Court.

2      **c.**  The procedures outlined above apply to parties.  With regard to discovery

3  disputes with non-parties, the non-parties may elect to participate in this procedure, but are not

4  required to do so.

5      **9.**     **Case Management Conferences.**  Any party who believes their case warrants a

6  case management conference earlier than currently set is encouraged to contact the Complex

7  Coordinator by email to secure an earlier case management conference, including any disputes

8  regarding briefing schedules or deadlines due to emergency court "holidays."

9      **10.**    **Law and Motion in Complex Civil Cases.**  No supplemental briefing will be

10  allowed, except as specifically ordered by the Court, on motions originally set for hearing

11  between March 17, 2020 and May 29, 2020, which have been fully briefed and continued to a

12  new date. In all other matters previously filed but not fully briefed, counsel shall meet and confer

13  and agree on a stipulation and proposed order for a new briefing schedule that provides that all

14  papers on the motion are filed at least 14 calendar days in advance of the continued hearing date.

15      **11.**    **Trials.**  All trials, and related Mandatory Settlement Conferences and Pre-trial

16  Conferences, originally scheduled between March 17, 2020 and July 30, 2020 are hereby vacated

17  and will be re-scheduled to a Trial Setting Conference.

18      **12.**    **Pre-trial Deadlines.**  In any case in which the trial originally scheduled between

19  March 17, 2020 and July 30, 2020 was continued or vacated, all pre-trial deadlines will track the

20  new trial date, absent a showing of good cause.

21      **13.**    **Five-Year Dismissal (C.C.P. § 583.310).**  In any case in which the initial

22  complaint was filed on or before May 1, 2016, the parties are ordered to meet and confer on the

23  subject of the date on which the five-year period in Code of Civil Procedure Section 583.310

24  ends, including consideration of any stays, whether directly ordered or automatic.  If the parties

25  agree on that date, they shall submit a stipulation and proposed order setting forth the agreed-

26  upon date.  If the parties cannot agree on that date, they shall file within thirty (30) days of the

27  date of this order a joint statement of no greater than five (5) pages setting forth each party's

28  position as to the relevant date and the reasons therefor.

14.    **Three-Year Limitation for New Trial (C.C.P. § 583.320).** In any case where a mistrial was granted or new trial granted prior to May 1, 2018, and no new trial date is presently set, the parties are ordered to meet and confer on the subject of the date on which the three-year period in Code of Civil Procedure Section 583.320 ends, including consideration of any stays, whether directly ordered or automatic. If the parties agree on that date, they shall submit a stipulation and proposed order setting forth the agreed-upon date. If the parties cannot agree on that date, they shall file within thirty (30) days of the date of this order a joint statement of no greater than five (5) pages setting forth each party's position as to the relevant date and the reasons therefor.

        THIS ORDER IS EFFECTIVE IMMEDIATELY.

Dated: May 6, 2020

                                    Presiding Judge Deborah A. Ryan
                                    Santa Clara County Superior Court

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
 **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**