# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TRACEE SHEPPARD,<br><br>    Plaintiff,<br><br>   v.<br><br>STAFFMARK INVESTMENT, LLC, et al.,<br><br>    Defendants. | Case No.  20-cv-05443-BLF<br><br>**ORDER VACATING JANUARY 28, 2021 HEARING ON MOTION TO REMAND; AND DENYING MOTION TO REMAND**<br><br>[Re:  ECF 8] |

Plaintiff Tracee Sheppard ("Plaintiff"), on behalf of herself and a proposed class, sued Defendant Staffmark Investment, LLC for alleged wage and hour violations on March 19, 2019. *See* Ex. A, Compl. ¶¶ 1, 3, ECF 1-1. On June 1, 2020, Plaintiff amended her complaint to add UPS Mail Innovations, Inc. as a Co-Defendant and add a Private Attorneys General Act ("PAGA") claim. *See* Ex. A, First Am. Compl. ¶¶ 1, 69–76 ("FAC"), ECF 1-1. Co-Defendant UPS Mail Innovations ("Defendant UPS") removed the action from the Santa Clara County Superior Court on diversity grounds under 28 U.S.C. § 1332(d) on August 6, 2020. *See* Not. of Removal, ECF 1. Plaintiff now moves to remand based on her assertion that removal was not timely pursuant to 28 U.S.C. § 1446(b). *See* Mot. to Remand ("Mot."), ECF 8.

The Court finds the motion to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing on Plaintiff's motion to remand, currently scheduled for January 28, 2021 at 9:00 a.m., is VACATED. For the reasons discussed below, Plaintiff's motion to remand is DENIED.

## I.    BACKGROUND

Plaintiff, a former non-exempt employee of Staffmark Investment, LLC and UPS Mail Innovations, Inc. ("Defendants"), filed a First Amended Complaint against Defendants in Santa

1    Clara County Superior Court on June 1, 2020. *See* FAC ¶¶ 1, 24–25. Staffmark Investment
2    provides staffing services for UPS Mail Innovations. FAC ¶ 2. On behalf of a proposed class,
3    Plaintiff accuses Defendants of systemic wage and hour law violations. FAC ¶¶ 1, 3–4. Plaintiff
4    alleges six causes of action against Defendants: 1) failure to provide meal periods; (2) failure to
5    permit rest breaks; (3) failure to provide accurate itemized wage statements; (4) failure to pay all
6    wages due upon separation of employment; (5) violation of Business and Professions §§17200, *et*
7    *seq.*; and (6) enforcement of Labor Code § 2698, *et seq.* ("PAGA"). *See* FAC ¶¶ 33–76. On
8    August 6, 2020, Defendant UPS removed this action to federal court on the basis of diversity
9    jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C.
10   §§ 1332(d), 1441, 1446, and 1453. *See* Not. of Removal ¶ 6.

Plaintiff now brings a Motion to Remand, contending removal was improper because it was untimely pursuant to 28 U.S.C. § 1446(b). *See* Mot. 2, 4. Defendant UPS's removal of this case on August 6, 2020 occurred 63 days after Defendant UPS was served with the FAC on June 4, 2020. *See* Mot. 3; Not. of Removal ¶ 3.

Defendant UPS filed an opposition to Plaintiff's motion to remand on August 31, 2020. *See* Opp'n to Mot. ("Opp'n"), ECF 21. In its opposition, Defendant UPS argued that its removal was timely because Plaintiff's indeterminate FAC did not trigger the thirty-day period under 28 U.S.C. § 1446(b). *See* Opp'n 3–5. Plaintiff submitted a reply in support of her motion to remand on September 8, 2020. *See* Reply, ECF 24. Plaintiff maintained that removal was untimely as Defendant UPS's removal calculations to determine the amount in controversy were based on her allegations in the FAC, and thus, her FAC was sufficient to make the case removable. Reply 2–3. Plaintiff also argued that her motion must be granted because Defendant UPS did not meet its burden of proving removal was timely by demonstrating that it filed for removal within thirty days of its own investigation ascertaining removal. Reply 2–4.

**II.    LEGAL STANDARD**

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are

2

construed restrictively so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), *superseded by statute on other grounds as recognized in Breuer v. Jim's Concrete, Inc.*, 538 U.S. 691, 697 (2003). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation and quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Ninth Circuit has recently held that sections "1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Trahan v. U.S. Bank Nat'l Ass'n*, No. C 09-03111 JSW, 2014 WL 116606, at *3 (N.D. Cal. Jan. 13, 2014) (citing *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)).

## III. DISCUSSION

The Court understands that the parties only dispute whether removal was timely. Under § 1446(b), there are "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (internal quotation marks omitted). For the thirty-day clock to begin, the Plaintiff must affirmatively reveal facts that give notice to

3

possible federal subject matter jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250–51 (9th Cir. 2006); *Harris*, 425 F.3d at 690–91, 695. Courts only look at "the four corners of the applicable pleadings" to determine whether a party had notice regarding removability. *Harris*, 425 F.3d at 694. The Defendant does not have an affirmative duty to investigate whether a case is removable upon receiving the complaint nor is required to engage in guesswork regarding removability, but the Defendant must use a reasonable amount of intelligence in ascertaining whether a case is removable. *Roth*, 720 F.3d at 1125; *Kuxhausen v. BMW Financial Servs. NA, LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (a party is not freed from the need to make "mathematic[al] calculation[s]" of numbers given in a pleading); *Harris*, 425 F.3d at 697 n.9 (internal citation omitted).

The Ninth Circuit maintains that, provided that neither § 1446(b)(1) and (b)(3) have been triggered, a defendant may investigate whether a case a removable and file a notice of removal "at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014); *Roth*, 720 F.3d at 1126 ("A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered."). While this may result in some strategic gamesmanship, the Ninth Circuit has found that plaintiffs may protect themselves by providing defendants with a document "from which removability can be ascertained." *Trahan*, 2014 WL 116606, at *3 (citing *Roth*, 720 F.3d at 1126).

Defendant UPS argues that *Roth* is applicable here because the thirty-day removal period under § 1446(b)(3) has not been triggered. *See* Not. of Removal ¶ 26–29; Opp'n 3–5. Defendant UPS maintains that removal was timely because the FAC did not allege damages with enough specificity to establish the amount in controversy, and, therefore, the thirty-day clock did not begin as Defendant UPS did not have a basis for removal upon receiving the FAC. Opp'n 3–5. Plaintiff argues that Defendant UPS's reliance on the FAC while calculating the amount in controversy demonstrates that the FAC was sufficient to begin the thirty-day clock. Reply 2–3. Plaintiff also argues that remand must be granted because Defendant UPS failed to meet its burden of proving removal was timely by showing that it filed for removal within thirty days of ascertaining removal through its own investigation. Reply 2–4.

4

<div style="margin-left: 2em;">

1     Defendant UPS is correct. Under the four corners of the FAC, Plaintiff did not facially allege a specific amount in controversy, which would have begun the thirty-day clock. *See Harris*, 425 F.3d at 694–95; FAC. Instead, Plaintiff only stated that the damages sought exceeded the minimal $25,000 jurisdictional limits of the Superior Court and briefly approximated there may be more than 100 putative class members, with no specification of how many times the listed Labor Code violations may have occurred. *See* FAC ¶¶ 6, 23. Defendant UPS could not have reasonably determined the amount in controversy from the given numbers via a mathematical calculation, and under the law, Defendant UPS had no further duty to estimate or investigate whether the case was removable upon service of the FAC. *See Figueroa v. Delta Galil USA, Inc.*, No. 18-CV-07796-RS, 2019 WL 1433727, at *2 (N.D. Cal. Apr. 1, 2019) (finding the Defendants could not determine the amount in controversy from the face of the First Amended Complaint in a wage and hour case as Plaintiff did not include any allegations regarding salary, a specified number of claimants, or exact amount of meal periods missed); *Trahan*, 2014 WL 116606, at *4 (finding that Plaintiff's failure to expressly state the amount in controversy and make any specific assertions about the amount of damages did not allow the Defendant to make a simple mathematical calculation to determine the amount in controversy and thus Plaintiff's documents were "indeterminate"); *see also Roth*, 720 F.3d at 1125; *Kuxhausen*, 707 F.3d at 1140; *Harris*, 425 F.3d at 697 n.9.

    The fact that Defendant relied on Plaintiff's FAC to calculate the amount in controversy does not mean the FAC was determinate and removal was limited to the thirty days after Defendant UPS was served. *See* 28 U.S.C. § 1446(b)(3). Due to the general allegations in the FAC with no specific factual allegations or numbers useful to calculate damages amount, Defendant UPS could not have determined the amount in controversy from the FAC via a simple mathematical calculation, as stated above. *See Figueroa*, 2019 WL 1433727, at *2; *Trahan*, 2014 WL 116606, at *4; *see also Roth*, 720 F.3d at 1125; *Kuxhausen*, 707 F.3d at 1140; *Harris*, 425 F.3d at 697 n.9. Therefore, Defendant UPS needed time to review their business records and determine the number of non-exempt employees who may have faced a Labor Code violation and then calculate the potential damages stemming from those violations. *See Figueroa*, 2019 WL 1433727, at *2 (finding that Defendants would have to make further inquiry beyond the FAC to

</div>

determine whether the amount in controversy satisfied CAFA requirements because the only numbers alleged regarding unpaid wages in the FAC were the amount of time employees spent on one trip through security and the amount of time booting up the computer, which were not paired with any pay missed, the number of times a day an employee was forced to go through security, or any affirmative amount of time unpaid per week); *Hernandez v. Comcast Corp.*, No. C 14-04575 JSW, 2015 WL 13404296, at *3 (N.D. Cal. Jan. 16, 2015) ("[T]he Court finds that both the SAC and TAC fail to provide any specific amount in controversy, therefore making it impossible for Defendants, without conducting their own investigation, to calculate the sums in dispute. . . . [T]he 30-day period was [thus] never triggered [and] Defendants' petition for removal [about 2 months after the SAC was filed and over a month after the TAC was filed] was timely."). Defendant UPS took such a task seriously, as demonstrated through its careful calculations of damages for each alleged violation. *See* Not. of Removal ¶¶ 9–25. And Defendant UPS's Notice of Removal and Declaration of Suzanne Perry, Chief Human Resources Officer, confirm that the evidence supporting potential damages of more than $5 million was derived from Ms. Perry's investigation of corporate records revealing potentially 8,602 class members, not the "greater than 100 individuals" alleged in the FAC. *See* Decl. of Suzanne Perry ("Perry Decl.") ¶ 9, ECF 1-4; FAC ¶ 23(a).

Because Defendant UPS did not run afoul of the thirty-day period under § 1446(b)(3), Defendant UPS was allowed to remove outside the thirty-day period on the basis of its own information when it decided to investigate. *Trahan*, 2014 WL 116606, at *3; *Rea*, 742 F.3d at 1238; *Roth*, 720 F.3d at 1126. This Circuit does not require Defendant UPS to prove that it removed the case within thirty days of its own investigation—indeed, Defendant UPS may remove "at any time" if § 1446(b)(1) and (b)(3) have not been triggered. *Rea*, 742 F.3d at 1238; *Roth*, 720 F.3d at 1126. Defendant UPS filed its Notice of Removal about sixty days after being served with the FAC, a reasonable time considering the detailed calculations that went into determining the amount in controversy for this class action. *See* Not. of Removal ¶¶ 9–25. Therefore, removal was timely.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED. The hearing on Plaintiff's motion to remand, currently scheduled for January 28, 2021 at 9:00 a.m., is VACATED.

Dated: September 18, 2020

_____
BETH LABSON FREEMAN
United States District Judge